# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10499
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 24, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DARRELL GENE HESTAND,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-206-2

Before DeMOSS, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:*

Darrell Gene Hestand appeals the sentence imposed following his guilty plea conviction for conspiracy to possess with intent to distribute a mixture or substance containing methamphetamine. The district court, assuming that the then-pending and now effective amendment to the drug guidelines was applicable, determined that Hestand's guidelines sentence range was 140-175

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

months of imprisonment, and it sentenced Hestand above the guidelines range to the statutory maximum sentence of 240 months of imprisonment.

Hestand argues that the sentence was unreasonable because it represented a clear error of judgment in balancing the sentencing factors. He maintains that the guidelines range was unreasonably high because the purity of the methamphetamine increased his offense level by six even though the purity of the methamphetamine did not correspond to increased potency or culpability. He argues that the high purity of the methamphetamine was due to Mexican methamphetamine producers switching to a P2P method of production due to Mexican laws restricting access to ephedrine and pseudoephedrine. He contends that the P2P method results in the production of dl-methamphetamine that is higher in purity but lower in potency than the d-methamphetamine produced using the pseudoephedrine/ephedrine reduction method. While Hestand acknowledges that he has a significant criminal history, he notes that most of his offenses were minor and that the longest custodial sentence he had previously served was 170 days. He maintains that any increase in his sentence that could be appropriate given his criminal history is outweighed by the unwarranted increase to his guidelines range caused by the purity of the methamphetamine and that the extent of the upward variance was unwarranted.

We review the "substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). We consider "the totality of the circumstances, including the extent of any variance from the Guidelines range" and "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* "A non-Guideline sentence unreasonably fails to reflect the statutory sentencing factors where it (1) does not account for a factor that

should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

While it would have been permissible for the district court to base the sentence on a disagreement with the Guidelines, such as the argument that Hestand raises concerning methamphetamine purity, the district court was not required to disagree with the Guidelines, and the district court's rejection of Hestand's purity argument does not make the sentence unreasonable. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009). Furthermore, Hestand's purity argument is based upon the presumption that the methamphetamine that he possessed was more pure and less potent because it was dl-methamphetamine, not d-methamphetamine. Hestand, however, produced no evidence showing that the methamphetamine he possessed was dl-methamphetamine.

The district court's upward variance was based upon Hestand's long criminal history and the failure of short sentences to reform Hestand's behavior. The record shows that the district court's concern about Hestand's criminal history was well founded as Hestand had 12 convictions in the 12 years preceding his arrest for the present offense, including convictions for serious offenses such as possession of cocaine with intent to distribute, injury to a child, burglary of a vehicle, two counts of forgery, and two counts of driving while intoxicated. While Hestand maintains that his criminal history was not sufficiently serious to warrant an upward variance because he had never served a sentence longer than 170 days, the district court did not abuse its discretion by making an upward variance based upon Hestand's long criminal history and the lenient sentences he had previously received. *See United*

3

*States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008); *United States v. Lee*, 358 F.3d 315, 328-29 (5th Cir. 2004). Furthermore, the amount of the variance, 65 months above the top of the assumed guidelines range, was not unreasonable. *See Brantley*, 537 F.3d at 348, 350; *United States v. Smith*, 417 F.3d 483, 492-93 (5th Cir. 2005).

AFFIRMED.